IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LUIS ZARATE, PEDRO ZARATE, FRANCISCO ZARATE and LEONIDES ZARATE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| RECYCLEAN, INC., VICTOR CREW, INC., and MICHAEL GOFFMAN. | ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, Jose Luis Zarate, Pedro Zarate, Francisco Zarate and Leonides Zarate (collectively, "the Zarates"), on behalf of themselves and all other persons similarly situated, known and unknown (collectively "Plaintiffs"), by their attorneys, Peter V. Bustamante and Law Office of Colleen M. McLaughlin, for their complaint against Defendants, Recyclean, Inc. ("Recyclean"), Victor Crew, Inc. ("Victor Crew"), and Michael Goffman ("Goffman") (collectively "Defendants") state:

## NATURE OF THE CASE

1. This is an action against Defendants for wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Employee Classification Act ("ECA"), 820 ILSC 185/1 *et seq.* Plaintiffs allege that the Defendants willfully violated each of these Acts.

2. Specifically, Defendants have violated the FLSA, the IMWL and the ECA by intentionally misclassifying plaintiffs as independent contractors rather than employees and setting up a corporation to further shield themselves from the employer-employee relationship

1

and avoid paying the Zarates and all those similarly situated, all the wages and employee benefits due them, including overtime wages.

3. Plaintiffs seek, on behalf of themselves and all others similarly situated, a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties, costs, and reasonable attorneys' fees.

## JURISDICTION

4. This action is brought as an opt-in collective action pursuant to the FLSA, 29 U.S.C. §216(b), and as a Federal Rule of Civil Procedure ("FRCP") 23 class action for the IMWL and ECA claims. The Zarates have each consented to being a party plaintiff ("Representative Plaintiff") in this action. (See Group Exhibit A). Each Representative Plaintiff has signed an opt-in consent form. (See Group Exhibit B).

5. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. §1331.

6. In addition, this court has supplemental jurisdiction over the IMWL and ECA claims pursuant to 28 U.S.C. §1367, as these non-federal claims arise from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the Defendants conduct business in this District. In addition, a substantial part of the events and omissions giving rise to the claims plead in this Complaint occurred within this District.

## THE PARTIES

8. Plaintiffs Jose Luis Zarate, Pedro Zarate, Francisco Zarate and Leonides Zarate are adult, natural persons, who are residents of the Northern District of Illinois. Plaintiffs, and

the class/collective they seek to represent, all work or worked for Defendants as laborers doing building demolition work.

9. Defendant Recyclean, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Wisconsin. Recyclean is authorized to and does conduct business in both Wisconsin and the State of Illinois. It is a demolition and deconstruction general contractor company.

10. Defendant Victor Crew, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Illinois. It is also a demolition and deconstruction company that, on information and belief, performs services exclusively for Recyclean as a subcontractor.

11. Defendant Michael Goffman is a natural person and is the president of Recyclean, Inc. Defendant Goffman is responsible for the day to day operations and payroll decisions made for both Recyclean and Victor Crew, including the decision to classify laborers as independent contractors.

## Facts Common to All Counts

12. Defendant Goffman founded Recyclean in 2009.

13. On information and belief, from 2009 on, laborers who performed demolition/deconstruction work for Recyclean were misclassified and paid as independent contractors rather than employees.

14. On information and belief, sometime in late 2015, Goffman used one of his foremen, Victor Alvarado ("Alvarado"), to incorporate Victor Crew, Inc. Victor Crew is a corporation, set up as an alternative entity for Recyclean in order to allow Recyclean and Goffman to funnel payment of wages to Recyclean employees through an entity that, on the surface, appears to be an independent contractor.

15. Victor Crew, Inc. was incorporated in Illinois as of 1/8/2016 and is currently not in good standing.

16. On information and belief, Goffman assigned Victor Alvarado as the figure head for Victor Crew, Inc. Alvarado had no say in the management and control of Victor Crew. Goffman hired and fired employees for both companies, supervised employees, paid wages and did all other things required to run and operate both Recyclean, Inc. and Victor Crew, Inc. Goffman has effectuated and knowingly permitted the practices complained about herein.

17. On information and belief, approximately 40 employees of Recyclean and Goffman allegedly work for Victor Crew as independent contractors.

18. Defendants provided the tools to Plaintiffs for their work and directed the specifics of their work.

19. In March 2014, Jose Luis Zarate, began working for Recyclean. Pedro Zarate began working for Defendants in April 2016 and Francisco and Leonides Zarate began working for Defendants in May 2016. Alvarado was, ostensibly, the Zarates' supervisor. In fact the Zarates' were supervised by Jair Rosales. Jair Rosales is, on information and belief, an employee, agent, partner or co-owner of Recyclean and Michael Goffman.

20. Prior to 2016, Jose Luis Zarate was always paid with a check issued by Recyclean. During 2016, Plaintiffs sometimes received paychecks from Victor Crew and sometimes from Recyclean.

21. Defendants pay their laborers weekly.

22. All laborers are paid by Defendants in the same manner.

23. Plaintiffs worked from 7 a.m. to 4:30 p.m. and received a one-hour unpaid meal break. Plaintiffs worked 6 days a week, Monday through Saturday.

24. Plaintiffs were paid $120 per day for 8 ½ hours of work.

25. Plaintiffs were directed to work and did work 51 hours or more each pay period.

26. At all relevant times, Plaintiffs were intentionally and improperly classified by Defendants as independent contractors, but, in reality, they were employees of Defendants subject to the protections of Federal and State wage and hour laws.

27. No exemptions or exceptions to the application of the FLSA or the IMWL overtime provisions apply to Plaintiffs.

28. As a result of Defendants' misclassification of Plaintiffs, Plaintiffs were never paid overtime premiums.

29. Defendants' actions were intentional, knowing and willful, and not the result of mistake or inadvertence, in violation of Illinois and federal law.

## COUNT I

### Violation of the FLSA – Minimum Wages
### Section 216(b) – Collective Action - Against All Defendants

30. Plaintiffs reallege and incorporate paragraphs 1 through 29 of this Complaint.

31. This count arises from Defendants willful violation of the FLSA, for their failure to pay overtime wages to Plaintiffs and all other former and current employee laborers. Plaintiffs bring this claim as a collective action, on behalf of all those similarly situated, under Sec. 216(b) of the FLSA.

32. At all relevant times, Plaintiffs were "employees" of Defendants as defined by the FLSA Sec. 203(e).

33. At all relevant times, Defendants Recyclean, Inc. and Victor Crew, Inc. and Goffman were "employers" of the Plaintiffs as defined by the FLSA 29 U.S. C. §203(d).

34. At all relevant times, Defendants have and continue to operate an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203 (r) and (s).

35. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00.

36. Plaintiffs and all laborers employed by Defendants are not exempt from the overtime wage provisions of the FLSA.

37. Defendants are required to pay their employees at a rate of not less than one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per work week.

38. Defendants failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly pay rate, for hours worked in excess of forty hours per work week in violation of the overtime provisions of the FLSA, 29 U.S.C. §207 (a)(1).

39. Defendants actions were intentional and willful, and not the result of mistake or inadvertence.

40. Plaintiffs and all employees similarly situated are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this Complaint because of this willful violation of the FLSA. 29 U.S.C. §207.

**WHEREFORE**, Plaintiffs and those persons similarly situated who join this lawsuit, respectfully request that the Court enter judgment against defendants granting the following relief:

A. All unpaid wages due, inclusive of overtime compensation owed to them during the applicable statutory period;

B. Liquidated damages in an amount equal to the amount of unpaid wages due;

    C.      prejudgment interest;

    D.      Reasonable attorney's fees and costs;

    E.      An injunction, precluding defendants from violating the FLSA; and

    F.      Any other relief this honorable Court deems to be equitable and just

## FACTS COMMON TO THE RULE 23 CLASS CLAIMS

41.    The putative class of Plaintiffs is so numerous that joinder is impracticable. As such, the named Plaintiffs bring this action against Defendants on behalf of themselves and as representatives for those similarly situated.

42.    Plaintiffs and all persons similarly situated have been equally affected by Defendants wage violations.

43.    The relief sought herein is for the benefit of the Plaintiffs and all persons similarly situated.

44.    The issues raised herein present common questions of law and fact. The common questions of law and fact predominate over any variations that may exist between members of the putative class.

45.    Together, Plaintiffs and all persons similarly situated with Defendants, have commonality of interest in the subject matter of the lawsuit and the remedy sought.

46.    The named Plaintiffs, a group of former laborers, will be able to fairly and adequately represent and protect the interests of the class.

47.    Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

48. If individual actions were required to be maintained by each of the similarly situated persons injured by Defendants, it would necessarily result in a multiplicity of lawsuits. These lawsuits would, in turn, create a hardship to the individuals, the Court, and Defendants.

49. Accordingly, a class action is the appropriate method for the fair and efficient adjudication of the instant lawsuit.

### COUNT II
### Violation of the Illinois Minimum Wage Law
### Rule 23 Class Action Against All Defendants

50. Plaintiffs reallege and incorporate paragraphs 1-29 and 41-49 of this Complaint.

51. This count arises from Defendants willful violation of the IMWL for their failure to pay overtime wages to Plaintiffs and the class of employees that they seek to represent.

52. Plaintiffs and the putative class are current and former laborers employed by Defendants who have not been paid, and are entitled to, overtime wages under the IMWL.

53. At all relevant times, Plaintiffs and the putative class are/were "employees" of Defendants as defined by the IMWL (820 ILCS §105(3)(d)).

54. At all relevant times, Defendants, Recyclean, Victor Crew, and Michael Goffman were and are "employer[s]" as defined by the IMWL (820 ILCS §105(3)(c)).

55. Plaintiffs and all laborers employed by Defendants are not exempt from the overtime wage provisions of the IMWL.

56. Defendants are required to pay their employees at a rate of not less than one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per work week.

57. Defendants have violated the IMWL by failing to compensate Plaintiffs and the putative class in a manner that is consistent with the overtime wage provisions of the IMWL.

58. Defendants actions were intentional and willful, and not the result of mistake or inadvertence.

59. All affected employees are entitled to recover unpaid overtime wages for three years prior to the filing of the instant action, plus statutory damages in the amount of 2% per month of the amount of under payments.

**WHEREFORE**, Plaintiffs, and those persons similarly situated, respectfully request that the Court enter judgment against Defendants for the following relief:

A. All unpaid wages, inclusive of overtime compensation, owed to them during the applicable statutory period;

B. Prejudgment interest on the back wages (815 ILCS §205(2));

C. Statutory penalty damages (820 ILCS §105/12(a));

D. Reasonable attorneys' fees and costs (820 ILCS §105/12(a));

E. An injunction, precluding Defendants from violating the IMWL; and

F. Any other relief this honorable Court deems to be equitable and just.

**COUNT III**
**Violation of the Employee Classification Act**
**Rule 23 Class Action Against All Defendants**

60. Plaintiffs reallege and incorporate paragraphs 1-29 and 41-49 of this Complaint.

61. This count arises from Defendants willful violation of the ECA, for their failure to properly classify Plaintiffs and all other former and current similarly situated employee laborers as "employees" and the losses associated therewith.

62. The Employee Classification Act (the" ECA"), 820 ILCS 185/1 *et. seq.*, is a law which is "intended to address the practice of misclassifying employees as independent

9

contractors" by contractors engaged in the construction industry. 820 ILCS 185/3 and 820 ILCS 185/5.

63. The ECA provides that a private cause of action may be brought "by one or more persons for and on behalf of themselves and other persons similarly situated." 820 ILCS 185/60.

64. The ECA defines "Contractor" to include an "individual" and a "general contractor" as well as a "subcontractor." 820 ILCS 185/5.

65. The ECA defines "Construction" to include "demolishing," and "performing services" to include "wrecking" and "demolishing." 820 ILCS 185/5.

66. Defendant Recyclean is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

67. Defendant Victor Crew, Inc., is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

68. Defendant Michael Goffman is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

69. Plaintiffs and the putative class are individuals who performed covered construction services for Defendants. 820 ILCS 185/5.

70. At all relevant times, Plaintiffs and the putative class are/were employees of Defendants as defined by the ECA. 820 ILCS 185/10.

71. Defendants failure to properly designate or classify Plaintiffs and the putative class as employees violates the ECA. 820 ILCS 185/20.

72. Because Plaintiffs and the individuals they seek to represent were misclassified as employees of Independent contractor, Victor Crew, and not as employees of Recyclean, they were not afforded the valuable benefits that are offered to Recyclean employees. The Defendants

also saved thousands of dollars in overtime pay and other benefits by misclassifying these employees.

      73.      Pursuant to 820 ILCS 185/60, Plaintiffs and the putative class are entitled to recover the amount of any wages, salary, employment benefits or other compensation denied or lost to them for the three (3) years prior to the filing of the Complaint, plus an equal amount in liquated damages, compensatory damages and statutory damages in the amount of up to $500 for each violation of the ECA, and attorneys' fees. 820 ILCS 185/60 (a) and (b).

**WHEREFORE**, Plaintiffs, and those persons similarly situated, respectfully request that the Court enter judgment against Defendants for the following relief:

    A.    All relief available under the ECA, including without limitation back overtime wages;

    B.    Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1);

    C.    Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2)

    D.    Statutory damages in the amount of $500 for each violation of the ECA, 820 ILCS 185/60(a)(4);

    E.    Reasonable attorneys' fees and costs as allowed by the ECA, 820 ILCS 185/60(a)(1); and

    F.    Any other relief this honorable Court deems to be equitable and just.

## JURY DEMAND

The plaintiffs demand trial by jury for all issues pled in this Complaint so triable.

                                              **JOSE LUIS ZARATE, PEDRO ZARATE, FRANCISCO ZARATE and LEONIDES ZARATE,**

                                              By: _____
                                                         Colleen M. McLaughlin

Peter V. Bustamante
17 North Wabash Avenue – Suite 400
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com

Colleen M. McLaughlin
Gregory S. Dierdorf
Law Offices of Colleen M. McLaughlin
1751 South Naperville Road – Suite 209
Wheaton, Illinois 60189
(630) 221-0305
colleen@cmmc-employmentlaw.com
greg@cmmc-employmentlaw.com