**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE LUIS ZARATE, PEDRO ZARATE, | ) | |
| FRANCISCO ZARATE and | ) | |
| LEONIDES ZARATE, | ) | Judge Castillo |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.    17-cv-5328 |
| | ) | |
| RECYCLEAN, INC., | ) | JURY DEMAND |
| BRISTOL RECYCLING, INC., | ) | |
| and MICHAEL GOFFMAN. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF RECYCLEAN, GOFFMAN, AND
<u>BRISTOL TO FIRST AMENDED COMPLAINT</u>**

Defendants, Recyclean, Inc. ("Recyclean"), Bristol Recycling, Inc. ("Bristol"), and

Michael Goffman ("Goffman") (collectively "Defendants"), by their attorney, answer the First

Amended Complaint (the "Complaint") as follows:

<u>NATURE OF THE CASE</u>

1.    This is an action against Defendants for wage violations under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"),

820 ILCS § 105/1 *et seq.*, and the Employee Classification Act ("ECA"), 820 ILSC 185/1 *et seq.*

Plaintiffs allege that the Defendants willfully violated each of these Acts.

**ANSWER:** Deny violations. Admit remainder.

2.    Specifically, Defendants have violated the FLSA, the IMWL and the ECA by

intentionally misclassifying plaintiffs as independent contractors rather than employees and

setting up a corporation to further shield themselves from the employer-employee relationship

1

and avoid paying the Zarates and all those similarly situated, all the wages and employee benefits due them, including overtime wages.

**ANSWER:** Deny.

3.      Plaintiffs seek, on behalf of themselves and all others similarly situated, a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties, costs, and reasonable attorneys' fees.

**ANSWER:** Deny liability. Admit remainder.

## JURISDICTION

4.      This action is brought as an opt-in collective action pursuant to the FLSA, 29 U.S.C. §216(b), and as a Federal Rule of Civil Procedure ("FRCP") 23 class action for the IMWL and ECA claims.   The Zarates have each consented to being a party plaintiff ("Representative Plaintiff") in this action. (See Group Exhibit A). Each Representative Plaintiff has signed an opt-in consent form. (See Group Exhibit B).

**ANSWER:** Admit.

5.      This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. §1331.

**ANSWER:** Admit.

6.      In addition, this court has supplemental jurisdiction over the IMWL and ECA claims pursuant to 28 U.S.C. §1367, as these non-federal claims arise from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.

**ANSWER:** Admit.

7.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the Defendants conduct business in this District.  In addition, a substantial part of the events and omissions giving rise to the claims plead in this Complaint occurred within this District.

**ANSWER:** Admit.

## THE PARTIES

8.    Plaintiffs Jose Luis Zarate (also known as "Iram" Zarate) ("Jose Luis"), Pedro Zarate ("Pedro"), Francisco Zarate ("Francisco") and Leonides Zarate ("Leo") are adult, natural persons, who are residents of the Northern District of Illinois.  Plaintiffs, and the class/collective they seek to represent, all work or worked for Defendants as laborers doing building demolition work in Illinois and Wisconsin.

**ANSWER:** Admit.

9.    Defendant Recyclean, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Wisconsin. Recyclean is authorized to and does conduct business in both Wisconsin and the State of Illinois.  It is a demolition and deconstruction general contractor company.   Recyclean is owned and operated by Defendant Michael Goffman.

**ANSWER:** Admit.

10.    Defendant Bristol Recycling, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Wisconsin. Bristol is also a demolition and deconstruction company. On information and belief, Bristol is owned and operated by Defendant Goffman.

**ANSWER:** Deny second sentence. Admit remainder. Further stating, Bristol is a corporation on paper only with no customers or business operations.

3

11.     Defendant Victor Crew, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Illinois. It is also a demolition and deconstruction company that, on information and belief, performs services exclusively for Recyclean and Bristol as a subcontractor.

**ANSWER:** Deny "exclusively." Admit remainder.

12.     Defendant Michael Goffman is a natural person who resides in Wisconsin. Defendant Goffman is responsible for the day to day operations and payroll decisions made for Recyclean, Bristol, and Victor Crew, including the decision to classify laborers as independent contractors.

**ANSWER:** Admit partial responsibility for day to day operations and payroll decisions at Bristol and Victor Crew. Admit remainder.

13.     Defendant Victor Alvarado is a natural person who resides in Chicago, Illinois. Alvarado is the President of Victor Crew, Inc. and, in conjunction with Defendant Goffman, is responsible for day to day operations and payroll decisions made for Victor Crew, including the decision to classify laborers as independent contractors.

**ANSWER:** Admit.

# Facts Common to All Counts

14.     Defendant Goffman founded Recyclean in 2009.

**ANSWER:** Admit.

15.     In 2012, Defendant Goffman incorporated Bristol.

**ANSWER:** Admit.

16.     Recyclean and Bristol operate out of the same principal office.

**ANSWER:** Admit.

4

17.     On information and belief, from 2009 on, laborers who performed demolition/deconstruction work for Recyclean and/or Bristol were misclassified and paid as independent contractors rather than employees.  On information and belief, Recyclean and/or Bristol have employed more than 40 laborers who were misclassified in the 3-year period prior to the filing of this lawsuit.

**ANSWER:** Deny 40 laborers. Admit plaintiffs were misclassified. Deny remainder.

18.     On information and belief, at any given time Defendants employ approximately 7 crews of laborers, with each crew consisting of 4-5 men.

**ANSWER:** Deny.

19.     On information and belief, prior to January 2016, Defendant Alvarado worked for Recyclean and/or Bristol as a crew leader. In early 2016, Goffman used Alvarado to incorporate Victor Crew, Inc. Victor Crew is a corporation, set up as an alternative entity for Recyclean and/or Bristol in order to allow Recyclean and/or Bristol and Goffman to funnel payment of wages to Recyclean and/or Bristol employees through an entity that, on the surface, appears to be an independent contractor.

**ANSWER:** Deny.

20.     Victor Crew, Inc. was incorporated in Illinois as of 1/8/2016.

**ANSWER:** Admit.

21.     On information and belief, Goffman assigned Victor Alvarado as the figure head [sic] for Victor Crew, Inc. The various crew members that previously had worked for Recyclean and/or Bristol continued to work as independent contractors, but now they were paid with checks from Victor Crew.

**ANSWER:** Deny.

22.     On information and belief, Goffman remains in control over all management decisions involving Victor Crew and its laborers.

**ANSWER:** Admit partial control.

23.     Alvarado is complicit and knowingly has permitted the practices complained about herein.

**ANSWER:** Deny.

24.     On information and belief, approximately 40 laborer employees of Recyclean, Bristol and Goffman work or worked for Victor Crew as independent contractors since its incorporation.

**ANSWER:** Deny 40 individuals.  Admit remainder.

25.     Defendant Goffman makes all work assignments and provides Plaintiffs direction on the performance of their duties at each of the job sites. All laborers are required to attend regular (weekly) safety training sessions run by Recyclean.

> **ANSWER:** Admit periodic safety training. Admit Goffman previously made assignments and gave direction through Victor Head. Deny remainder.

26.     Defendants Recyclean and Goffman provide the heavy equipment, machinery and other tools of the trade such as ladders, scaffolding, respirators, and de-nailing guns to Plaintiffs for their work. These Defendants provide items such as safety goggles to their laborers and deduct from their wages the cost of replacement if an item was lost.

> **ANSWER:** Admit occasional use of heavy equipment and other tools. Deny remainder.

27.     Paychecks are all processed in Wisconsin by Goffman. Crew leaders are regularly required to travel from Chicago to Wisconsin to pick up the pay checks for their crew from Goffman at the Recyclean office. On occasion, paychecks for the crews are given by Goffman to

Javiar Rosales, who resides in Chicago and is a supervisor over all of the various crews and their crew leaders. On information and belief, Rosales works directly for Recyclean.

**ANSWER:** Admit.

28. In March 2014, Jose Luis Zarate, began working for Recyclean. In 2015, Jose Luis was requested to sign an independent contractor agreement with Recyclean and Bristol. In 2016, Jose Luis was asked to sign an independent contractor agreement with Victor Crew and Bristol.

**ANSWER:** Admit first sentence. Admit requests.

29. Jose Luis was paid by checks issued by Recyclean through January 12, 2016. On information and belief, for some of the weeks worked, Defendants Recyclean, Bristol and Goffman recorded the payments made to Jose Luis as work performed for Bristol.

**ANSWER:** Admit.

30. From mid-January 2016 through sometime in early 2017, Jose Luis continued to work for Defendants but was regularly paid with checks issued by Victor Crew. On at least one occasion in 2016, Jose Luis was paid for his work with a check issued by Recyclean.

**ANSWER:** Admit.

31. Pedro Zarate worked for Defendants from April 2016 through sometime in early 2017. In 2016, Pedro was requested to sign an independent contractor agreement with Victor Crew and Bristol.

**ANSWER:** Admit.

32. Pedro was regularly paid with checks issued by Victor Crew. On at least one occasion in 2016, Jose Luis was paid for his work with a check issued by Recyclean.

**ANSWER:** Admit.

33.     Leonides Zarate worked for Defendants from April 2016 through sometime in early 2017. In 2016, Leo was requested to sign an independent contractor agreement with Victor Crew.

**ANSWER:** Admit.

34.     Leo was regularly paid with checks issued by Victor Crew. On at least two occasions in 2016, Leo was paid for his work with a check issued by Recyclean.

**ANSWER:** Admit.

35.     Francisco Zarate began working for Recyclean in 2015.

**ANSWER:** Admit.

36.     Francisco was paid by checks issued by Recyclean through January 12, 2016. On information and belief, for some of the weeks worked, Defendants Recyclean, Bristol and Goffman recorded the payments made to Francisco as work performed for Bristol.

**ANSWER:** Deny work performed for Bristol. Admit remainder.

37.     From mid-January 2016 through January 7, 2017, when Francisco was hurt on the job, Francisco continued to work for Defendants but was regularly paid with checks issued by Victor Crew. On at least one occasion in 2016, Francisco was paid for his work with a check issued by Recyclean.

**ANSWER:** Deny work for defendants. Admit a check was issued by Recyclean in 2016.

38.     Francisco was also requested by Defendants to sign an independent contractor agreement but did not do so.

**ANSWER:** Admit.

39.     Defendants generally pay their laborers on a weekly basis.

**ANSWER:** Admit.

8

40.     Laborers are generally scheduled to work from 7 a.m. to 4:30 p.m,, 6 days a week, Monday through Saturday, for a total of 51 hours per week.

**ANSWER:** Deny.

41.     Laborers, including the crew leaders, are paid a flat rate per day for 8 ½ hours of work.

**ANSWER:** Deny.

42.     For hours over 51 per week, Defendants paid their laborers an hourly rate that is less than one and one-half times their regular rate of pay.

**ANSWER:** Deny.

43.     At all relevant times, Plaintiffs were intentionally and improperly classified by Defendants as independent contractors, but, in reality, they were employees of Defendants subject to the protections of Federal and State wage and hour laws.

**ANSWER:** Deny intentional misclassification. Admit remainder.

44.     No exemptions or exceptions to the application of the FLSA or the IMWL overtime provisions apply to Plaintiffs.

**ANSWER:** Admit.

45.     As a result of Defendants' misclassification of Plaintiffs, Plaintiffs were never paid overtime premiums.

**ANSWER:** Admit misclassification, but state Plaintiffs were not regularly entitled to overtime pay.

46.     Defendants' actions were intentional, knowing and willful, and not the result of mistake or inadvertence, in violation of Illinois and federal law.

**ANSWER:** Deny.

# COUNT I

### Violation of the FLSA – Minimum Wages
### Section 216(b) – Collective Action - Against All Defendants

47.     Plaintiffs reallege and incorporate paragraphs 1 through 46 of this Complaint.

**ANSWER:** These defendants reallege and incorporate their answers to paragraphs 1-46 of the Complaint, *in haec verba*.

48.     This count arises from Defendants willful violation of the FLSA, for their failure to pay overtime wages to Plaintiffs and all other former and current employee laborers.  Plaintiffs bring this claim as a collective action, on behalf of all those similarly situated, under Sec. 216(b) of the FLSA.

**ANSWER:** Deny first sentence, admit second.

49.     At all relevant times, Plaintiffs were "employees" of Defendants as defined by the FLSA Sec. 203(e).

**ANSWER:** Admit.

50.     At all relevant times, Defendants Recyclean, Inc, Bristol Victor Crew Goffman and Alvarado were "employers" of the Plaintiffs as defined by the FLSA 29 U.S. C. §203(d).

**ANSWER:** Admit.

51.     At all relevant times, Defendants have and continue to operate an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203 (r) and (s).

**ANSWER:** Deny an "enterprise." Admit Recyclean is engaged in interstate commerce.

52.     At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00.

**ANSWER:** Admit.

53.     Plaintiffs and all laborers employed by Defendants are not exempt from the overtime wage provisions of the FLSA.

**ANSWER:** Admit.

54.     Defendants are required to pay their employees at a rate of not less than one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per work week.

**ANSWER:** Admit.

55.     Defendants failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly pay rate, for hours worked in excess of forty hours per work week in violation of the overtime provisions of the FLSA, 29 U.S.C. §207 (a)(1).

**ANSWER:** Admit.

56.     Defendants actions were intentional and willful, and not the result of mistake or inadvertence.

**ANSWER:** Deny.

57.     Plaintiffs and all employees similarly situated are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this Complaint because of this willful violation of the FLSA. 29 U.S.C. §207.

**ANSWER:** Admit plaintiffs are owed whatever overtime may be due. Deny remainder.

**WHEREFORE**, these Defendants pray that Count I be dismissed.

## FACTS COMMON TO THE RULE 23 CLASS CLAIMS

58.     The putative class of Plaintiffs is so numerous that joinder is impracticable.  As such, the named Plaintiffs bring this action against Defendants on behalf of themselves and as representatives for those similarly situated.

**ANSWER:** Deny numerosity. Deny joinder is impractical.

59.     Plaintiffs and all persons similarly situated have been equally affected by Defendants wage violations.

**ANSWER:** Deny.

60.     The relief sought herein is for the benefit of the Plaintiffs and all persons similarly situated.

**ANSWER:** Admit relief is sought. Deny liability.

61.     The issues raised herein present common questions of law and fact.  The common questions of law and fact predominate over any variations that may exist between members of the putative class.

**ANSWER:** Deny.

62.     Together, Plaintiffs and all persons similarly situated with Defendants, have commonality of interest in the subject matter of the lawsuit and the remedy sought.

**ANSWER:** Deny.

63.     The named Plaintiffs, a group of former laborers, will be able to fairly and adequately represent and protect the interests of the class.

**ANSWER:** Deny.

64.     Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

**ANSWER:** These defendants lack information sufficient to admit or deny and therefore deny.

65.     If individual actions were required to be maintained by each of the similarly situated persons injured by Defendants, it would necessarily result in a multiplicity of lawsuits. These lawsuits would, in turn, create a hardship to the individuals, the Court, and Defendants.

**ANSWER:** Deny.

66.     Accordingly, a class action is the appropriate method for the fair and efficient adjudication of the instant lawsuit.

**ANSWER:** Deny.

## COUNT II

### Violation of the Illinois Minimum Wage Law
### Rule 23 Class Action Against All Defendants

67.     Plaintiffs reallege and incorporate paragraphs 1-46 and 58-66 of this Complaint.

**ANSWER:** These defendants reallege and incorporate their answers to paragraphs 1-46 and 58-66 of the Complaint, *in haec verba*.

68.     This count arises from Defendants willful violation of the IMWL for their failure to pay overtime wages to Plaintiffs and the class of employees that they seek to represent.

**ANSWER:** Admit.

69.     Plaintiffs and the putative class are current and former laborers employed by Defendants who have not been paid, and are entitled to, overtime wages under the IMWL.

**ANSWER:** Admit some overtime may be due. Deny class.

70.     At all relevant times, Plaintiffs and the putative class are/were "employees" of Defendants as defined by the IMWL (820 ILCS §105(3)(d)).

**ANSWER:** Deny class. Admit remainder.

71. At all relevant times, Defendants, Recyclean, Bristol, Victor Crew, Michael Goffman and Victor Alvarado were and are "employer[s]" as defined by the IMWL (820 ILCS §105(3)(c)).

**ANSWER:** Deny as to Bristol and Victor Crew. Admit remainder.

72. Plaintiffs and all laborers employed by Defendants are not exempt from the overtime wage provisions of the IMWL.

**ANSWER:** Admit as to Plaintiffs. Deny remainder.

73. Defendants are required to pay their employees at a rate of not less than one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per work week.

**ANSWER:** Admit as to Plaintiffs. Deny remainder as applicable to other laborers.

74. Defendants have violated the IMWL by failing to compensate Plaintiffs and the putative class in a manner that is consistent with the overtime wage provisions of the IMWL.

**ANSWER:** Deny class. Admit as to Plaintiffs.

75. Defendants actions were intentional and willful, and not the result of mistake or inadvertence.

**ANSWER:** Deny.

76. All affected employees are entitled to recover unpaid overtime wages for three years prior to the filing of the instant action, plus statutory damages in the amount of 2% per month of the amount of under payments.

**ANSWER:** Admit as to Plaintiffs. Deny remainder as applicable to all other laborers.

**WHEREFORE**, these Defendants pray that Count II be dismissed.

## COUNT III

### Violation of the Employee Classification Act
### Rule 23 Class Action Against All Defendants

77.     Plaintiffs reallege and incorporate paragraphs 1-46 and 58-66 of this Complaint.

**ANSWER:** These defendants reallege and incorporate their answers to paragraphs 1-46 and 58-66 of the Complaint, *in haec verba*.

78.     This count arises from Defendants willful violation of the ECA, for their failure to properly classify Plaintiffs and all other former and current similarly situated employee laborers as "employees" and the losses associated therewith.

**ANSWER:** Deny willful, and deny class. Admit misclassification of Plaintiffs.

79.     The Employee Classification Act (the" ECA"), 820 ILCS 185/1 *et. seq.*, is a law which is "intended to address the practice of misclassifying employees as independent contractors" by contractors engaged in the construction industry. 820 ILCS 185/3 and 820 ILCS 185/5.

**ANSWER:** Admit.

80.     The ECA provides that a private cause of action may be brought "by one or more persons for and on behalf of themselves and other persons similarly situated." 820 ILCS 185/60.

**ANSWER:** Admit.

81.     The ECA defines "Contractor" to include an "individual" and a "general contractor" as well as a "subcontractor." 820 ILCS 185/5.

**ANSWER:** Admit.

82.     The ECA defines "Construction" to include "demolishing," and "performing services" to include "wrecking" and "demolishing." 820 ILCS 185/5.

**ANSWER:** Admit.

15

83.     Defendant Recyclean is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

**ANSWER:** Admit.

84.     Defendant Bristol, Inc., is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

**ANSWER:** Deny.

85.     Defendant Victor Crew, Inc., is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

**ANSWER:** Admit.

86.     Defendant Michael Goffman is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

**ANSWER:** Admit.

87.     Defendant Victor Alvarado, is a "contractor" engaged in "construction" as defined by the ECA. 820 ILCS 185/5.

**ANSWER:** Admit.

88.     Plaintiffs and the putative class are individuals who performed covered construction services for Defendants. 820 ILCS 185/5.

**ANSWER:** Admit as to Plaintiffs. Deny remainder.

89.     At all relevant times, Plaintiffs and the putative class are/were employees of Defendants as defined by the ECA. 820 ILCS 185/10.

**ANSWER:** Admit as to Plaintiffs. Deny remainder.

90.     Defendants failure to properly designate or classify Plaintiffs and the putative class as employees violates the ECA. 820 ILCS 185/20.

**ANSWER:** Admit as to Plaintiffs. Deny remainder.

91.     Because Plaintiffs and the individuals they seek to represent were misclassified as independent contractors of the Defendants and not as employees of Recyclean, they were not afforded the valuable benefits that are offered to Recyclean employees. The Defendants also saved thousands of dollars in overtime pay and other benefits by misclassifying these employees.

**ANSWER:** Deny.

92.     Pursuant to 820 ILCS 185/60, Plaintiffs and the putative class are entitled to recover the amount of any wages, salary, employment benefits or other compensation denied or lost to them for the three (3) years prior to the filing of the Complaint, plus an equal amount in liquated [sic] damages, compensatory damages and statutory damages in the amount of up to $500 for each violation of the ECA, and attorneys' fees. 820 ILCS 185/60 (a) and (b).

**ANSWER:** Admit entitlement for damages as the law provides, and reasonable attorney's fees, as to Plaintiffs. Deny remainder.

**WHEREFORE**, these Defendants pray that Count III be dismissed.

> **RECYCLEAN, INC.**
> **MICHAEL GOFFMAN,**
> **BRISTOL RECYCLING, INC.**
>
> By: s/Burr E. Anderson
> Their attorney

Burr E. Anderson
Anderson Law Offices
400 Lake Cook Road – Suite 221-A
Deerfield, IL 60015
(312) 957-1100
burranderson@AndersonLawIL.com